**GUARANTY FINANCE CO. v. BURNAM et al.  (No. 7762.)**

Court of Civil Appeals of Texas. San Antonio. April 20, 1927.

Rehearing Denied May 11, 1927.

Chattel mortgages ⊕17—Foreclosure of chattel mortgage covering well drilling machinery held by mortgagor as agent and trustee for owners of lease held properly denied.

Where well drilling machinery covered by chattel mortgage was held by mortgagor as agent and trustee for owners of oil lease after being purchased with money obtained from sale of interests in lease, foreclosure thereof was properly denied, since where mortgagor does not own title to property at date of mortgage or any other·time, he could give no valid mortgage thereof and court had no power to foreclose it.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Guaranty Finance Company against Tom Burnam and others. From a judgment for plaintiff for the amount of the note sued on and refusing to grant a foreclosure of chattel mortgage, plaintiff appeals. Affirmed.·

Wurzbach, Stone & Mueller, of San Antonio, for appellant.

J. R. Norton and G. O. Brown, both of San Antonio, for appellees.

COBBS, J. Appellant sued appellees to recover upon a note dated June 22, 1926, executed by Tom Burnam, appellee, in the sum of $330 payable to appellant, and alleged to have been secured by a chattel mortgage upon certain well drilling machinery, situated in Bexar county, of the·alleged value of·$750.; which mortgage was duly registered in the chattel mortgage records of Bexar county on the·26th day of June, 1926. Said

machinery was alleged to have been sold on the 3d day of August, 1926, to O. N. Jaye, who assumed the payment of said note and mortgage. C. A. Blackwood was made a party pro forma, so that any claim he asserts upon said property may be adjusted herein.

C. A. Blackwood, in his first amended original answer, answered by exceptions, general and special, and denials, special and general. He denied specially that Tom Burnam ever owned said property and could not execute a valid lien thereon; that he and many others owned a valid oil lease on land in Guadalupe county and owned the well drilling machinery upon which the foreclosure was sought; that the machinery was never in the possession of Tom Burnam, who executed the mortgage, and that at the execution of the mortgage it was the property of said Blackwood and many others, who were the owners of the oil lease. Blackwood answered for all other parties similarly situated, alleging that the machinery was,placed in his possession and he held same as their agent and trustee, and prayed for a foreclosure of their lien on said property for himself and those others having an interest with him in the oil and mineral lease, declaring that their lien was superior to said alleged chattel mortgage.

Plaintiff, appellant herein, by first supplemental petition filed sufficient response.

Tom Burnam filed a waiver, and O. N. Jaye, though duly cited, failed to appear.

All general and special exceptions of all the parties were overruled. No jury was demanded, and the court rendered judgment for the plaintiff against appellees for the sum of $330, with interest from July 22, 1926, at the rate of 10 per cent. per annum, and attorney's fees in the sum of $75, but refused to grant a foreclosure of the mortgage to the plaintiff.

The court at the request of appellant filed findings of fact and conclusions of law. Appellant also requested that special findings be made by the court.

There is no dispute about the execution of the note and,the chattel mortgage, but the chief issue in this case is as to the execution of the chattel mortgage questioning its validity and its priority. Upon that issue we quote the findings of the trial judge:

"I find that at the same time of the execution of the note said Tom Burnam executed a chattel mortgage to secure said note, on the property described in plaintiff's pleadings, which said property is worth more than $500.

"I find: That prior to the execution of said note and mortgage Alvin P. Mueller owned an oil lease consisting of about 36 acres in Guadalupe county, Tex., which he was interested in developing, and that for the purpose of raising money·to develop said oil lease, including the drilling of a well thereon, that said Alvin P. Mueller sold to something more than 45 different people, by separate assignments of in-

terest in said oil lease, interests in said oil lease in varying amounts from 1/256 interest to an' one-eighth interest therein. That in all the transactions in the selling by said Alvin P. Mueller of the interests in said oil lease one Allen Burnam, who is a son of Tom Burnam, was his agent and made all the negotiations. That the money received from the sale of said interest in said oil lease was deposited in the bank in San Antonio in the name of Alvin P. Mueller, and was used as needed in the work on said oil well, and was all checked out of said bank by checks drawn thereon signed 'Alvin P. Mueller, by A. B.,' the 'A. B.' meaning Allen Burnam, who was the agent of Mueller and handled all the money.

"The property on which a mortgage is sought to be foreclosed in this suit was bought out of said money by said Allen Burnam and was by said Allen Burnam placed in the possession of the defendant C. A. Blackwood long before said note and mortgage was executed, and that plaintiff at the time said note and mortgage was given knew that said property was in the possession of said C. A. Blackwood, who is one of the owners of an interest in said oil lease assigned to him by Alvin P. Mueller. Said property was in his yard at his residence when said mortgage was executed, and one of the partners of Guaranty Finance Company, plaintiff, went to the residence of said C. A. Blackwood and inspected said property and made no inquiry as to what interest C. A. Blackwood had in same. The whole negotiations between plaintiff and defendant Tom Burnam in regard to borrowing said money was conducted by Allen Burnam as agent for his father, Tom Burnam, and all that Tom Burnam did was to sign the note and mortgage.

"The assignment of an interest in said oil and gas lease by Alvin P. Mueller to C. A. Blackwood, among other things, had the following clause therein: Conveys 'an undivided 1/64 interest in and to said lot No. 5, containing 36 acres, as above described, including a 1/64 interest in the well now being drilled thereon together with all personal property used or obtained in connection therewith to C. A. Blackwood and his heirs, successors and assigns. And for the same consideration, the undersigned for himself and his heirs, successors and representatives does covenant with the said assignee his heirs, successors or assigns that he is the lawful owner of the lease and rights and interests thereunder and of the personal property thereon or used in connection therewith.' That said property on which a foreclosure of mortgage is sought herein was purchased and paid for out of the money paid by said various parties for said interest in said lease and was bought to be used in drilling said oil well on said lease and was to be carried to said oil lease at once to be so used and was not immediately carried there because of the bad condition of the roads and weather because of excessive rains at said time, and until same could be carried there was stored at the private residence of said C. A. Blackwood. That said property was obtained in connection with said oil lease and the drilling of said well and was to be used thereon, and that said Tom Burnam had no interest or title in same, and that it was not

his property and that he had no right to mortgage same. All of the other assignments of an interest in said oil lease had clauses exactly like that in the C. A. Blackwood lease as above set out. The chattel mortgage of the plaintiffs was not a first lien on said property and was not a lien at all.

"I find that plaintiff is entitled to a judgment against Tom Burnam for the amount of its note, interest, and attorney's fees, but is not entitled to a foreclosure of said mortgage.

"I find that it was not and is not necessary to make all of said owners of interest in said oil lease parties to this suit."

These findings reflect the issues so fully that we adopt the same. They are supported by the testimony. If the mortgagor did not own the title to the property at the date of the mortgage, or at any other time, he could give no valid mortgage and consequently the court had no power to foreclose it.

We think the court's findings may be construed to be a reasonable compliance with appellant's request to file additional issues.

There was no material error shown that would require a reversal of the judgment. Appellant's assignments, all having been considered and passed upon, are overruled.

The judgment of the trial court is affirmed.